IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BANI MORENO, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-25-52-R |
| | ) |
| ATTORNEY GENERAL, et al., | ) |
| | ) |
|    Respondents. | ) |

## REPORT AND RECOMMENDATION

Bani Moreno, a formerly incarcerated federal prisoner appearing pro se, seeks habeas relief under 28 U.S.C. § 2241. Doc. 1.[1] Also before the Court is Petitioner's "supplemental motion for immediate re-entry, stay of deportation, and reinstatement of legal status under 28 U.S.C. § 2241 due to family hardship, due process violations, and the need to attend court hearings." Doc. 5.[2]

The Court referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 18.

---

[1]   Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2]   Petitioner also submitted a letter to the Court addressed to the undersigned, Docs. 21 & 22. Petitioner is advised that a letter is not a recognized pleading. For the reasons discussed below, the Court does not address Petitioner's letter any further as the Court lacks jurisdiction over the petition.

Because Petitioner is not in custody, this Court lacks jurisdiction to consider the petition.

## I. Procedural background and Petitioner's deportation.

In 2013, a jury convicted Petitioner of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, two counts of using a communication facility to facilitate the acquisition and distribution of methamphetamine in furtherance of a conspiracy in violation of 21 U.S.C. § 843(b), possession of methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), and distribution of methamphetamine also in violation of § 841(a)(1). *See United States v. Moreno*, No. 12-297-R-13 (W.D. Okla. June 6, 2014) (*Moreno* I), Doc. 378, at 2-7, 19-22; *id.* at Doc. 533. This Court sentenced Petitioner to 151 months' imprisonment and five years' supervised release. *Id.* at Doc. 666.[3]

After his failed direct appeal, Petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, challenging his conviction and sentence arguing ineffective assistance of counsel. *Moreno* I, Doc. 935; see also *United States v. Moreno*, 607 F. App'x 775, 776 (10th Cir. 2015). This Court denied the motion and the Tenth Circuit denied Petitioner's request for a certificate of appealability. *Moreno* I, at Docs. 945 and 981.

---

[3] On February 11, 2019, this Court reduced Petitioner's sentence to 131 months' imprisonment. *Moreno* I, Doc. 1068.

2

In 2022, U.S. Immigration and Customs Enforcement (ICE) deported Petitioner. Doc. 1 at 4, 6; *see also* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (BOP Register #27765-064 (last visited April 8, 2025) (noting that Petitioner has not been in federal custody since Sept. 19, 2022).

The Court construes pro se pleadings liberally, applying a looser "standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a [petitioner's] complaint or construct a legal theory on a [petitioner's] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). If the Court may reasonably read the pleadings "to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id*.

**II.   Petitioner's claim.**

In his § 2241 petition, Petitioner asks the Court to "reverse and invalidate the expedited removal order . . . and provide Petitioner the opportunity to challenge his deportation based on [alleged] violations" "of his

due process rights." Doc. 1, at 2. He alleges that he "was wrongfully classified as lacking legal status despite maintaining lawful status at the time of his deportation and [] denied a fair hearing, [which] violat[ed] his due process rights." *Id.* at 3.

III. Analysis.

    A.    **This Court lacks jurisdiction over Petitioner's § 2241 motion.**

To obtain habeas corpus relief, petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings under § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Singh v. Choate*, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Hernandez-Ceren v. Wolf*, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.").

Petitioner is not subject to removal because he has been removed from the United States. In any event, for this Court to have jurisdiction to consider a habeas corpus petition under § 2241 or § 2255, the movant must be "in custody" when the motion is filed. *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994); *see also* 28 U.S.C. §§ 2241(c)(3), § 2255(a). The party claiming that the court has subject matter jurisdiction retains the "burden of

persuading this court by a preponderance of the evidence that the court has jurisdiction." *Bustillos,* 31 F.3d at 933. "[I]n custody" includes both physical detention and "other restraints on a man's liberty, restraints not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

Petitioner no longer was "in custody" upon his removal from the United States. *United States v. Camick*, 2017 WL 11811332, at *2 (10th Cir. 2017); *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011) ("[A]n alien who has been deported . . . is not 'in custody' for habeas purposes."); *Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir. 2001) (stating plain language of the "in custody" requirement prohibits federal courts from exercising jurisdiction over a person who was deported before habeas petition was filed). This Court should therefore deny the petition. Petitioner is further warned that continued abuse of the writ may result in filing restrictions or other similar sanctions.[4]

## IV. Recommendation.

The undersigned recommends the Court deny Petitioner's § 2241 petition and dismiss it without prejudice. Doc. 1.[5] The undersigned further

---

[4] Petitioner also filed a separate § 2241 petition with the Court to challenge his underlying conviction. *Moreno v. United States of America,* No. CIV-25-14-R (W.D. Okla. Jan 6, 2025) (*Moreno* II). The undersigned recommended dismissal of his petition there as well because Petitioner is not in custody of the United States. Doc. 18.

[5] Adoption of this Report and Recommendation will render moot Petitioner's outstanding filings. *See* Docs. 5, 21, 22.

recommends imposing filing restrictions against Petitioner to curb any further consideration of Petitioner's oft repeated claims of actual innocence and government misconduct. *See, e.g.*, *Cotner v. Boone*, 48 F. App'x 287, 289-90 (10th Cir. 2002) (disallowing the petitioner to "proceed further" on a claim raised in a prior § 2241 petition and imposing filing restrictions to ease the court's burden of addressing petitioner's continued "frivolous filings").

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court **on or before April 29, 2025**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in the captioned matter.

**ENTERED** this 8th day of April, 2025.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE