UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BANI MORENO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-52-R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is the Report and Recommendation [Doc. No. 23] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B), (C). Judge Mitchell recommends that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1], which challenges his expedited removal and deportation, be dismissed for lack of jurisdiction. Plaintiff filed an Objection [Doc. No. 24],[1] which gives rise to the Court's obligation to undertake a de novo review of those portions of the Report to which a specific objection is made.

In her Report, Judge Mitchell explained that to obtain relief under 28 U.S.C. § 2241, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner was deported prior to the filing of his habeas petition and is therefore not in custody. *See United States v. Camick,*

---

[1] Respondents filed a brief in opposition to Petitioner's Objection [Doc. No. 25]. Petitioner then filed a Motion to Strike [Doc. No. 26] seeking to strike the Respondent's opposition brief. Petitioner's arguments are misplaced and his motion is therefore denied. In any event, the Court would reach the same result even without considering Respondent's brief.

No. 17-3006, 2017 WL 11811332, at *2 (10th Cir. May 22, 2017) (dismissing § 2255 petition for lack of jurisdiction because the petitioner "ceased to be 'in custody' once he was removed to Canada"). Petitioner's objection suggests that he satisfies the custody requirement because he is still under supervised release and/or he is subject to collateral consequences. Neither argument is persuasive.

Although "[i]ndividuals on supervised release are generally considered to be 'in custody' for purposes of seeking post-conviction relief," Petitioner was deported and contends that he remains outside the United States. "While outside the United States, "[Petitioner] has no obligation to report to a probation officer and is not under the supervision or control of the United States Probation Office." *Id.* Petitioner is therefore not in custody, even though time might be remaining on his period of supervised release. *Id.*[2]

As for his claim that his habeas petition is reviewable because he is subject to collateral consequences such as the ban on reentering the United States, the argument is inapplicable here. Where a habeas petition is subject to becoming moot because a claimant has been released or no longer satisfies the in custody requirement, he may be able to avoid a mootness finding by showing that there are collateral consequences of incarceration which create a concrete injury. *Mendoza v. Jeffers*, 62 F. App'x 866, 868 (10th Cir. 2003). But Petitioner's habeas Petition is not mooted by a chance in his circumstances. Rather,

---

[2] Petitioner also contends that he has been subject to "probation harassment" based on a letter and phone calls he received from the United States Probation Office. *See* Doc. Nos. 21, 22. This contact, which appears to be related to Petitioner's use of a mailing address and phone number originating in the United States, *see id.*, is not sufficient to place Petitioner in custody for habeas purposes.

the Court lacks subject matter jurisdiction over the Petition because Petitioner is not in custody.

Petitioner's remaining objections appear to relate to alleged due process violations that occurred while he was detained. However, many of the objections are not sufficiently specific or developed. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir.1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). In any event, none of objections provide a basis for rejecting Judge Mitchell's conclusion that the Court lacks subject matter jurisdiction over the Petition. Judge Mitchell also recommends filing restrictions be imposed on Petitioner, to which Petitioner objects. Although the Court declines to impose filing restrictions at this time, Petitioner is cautioned that abusive or repetitive filings may result in future filing restrictions.

Accordingly, the Report and Recommendation [Doc. No. 23] is ADOPTED as set out above. The Petition is dismissed without prejudice for lack of jurisdiction. All pending motions are denied as moot. The standard for issuance of a Certificate of Appealability is not satisfied in this case and a Certificate of Appealability is therefore denied.

**IT IS SO ORDERED** this 6th day of May, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE