UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BANI MORENO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-25-52-R |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is Petitioner's[1] "Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) and Demand for De Novo Review Under 28 U.S.C. § 636(b)(1)" [Doc. No. 29]. In a previous order [Doc. No. 27], the Court adopted the Report and Recommendation [Doc. No. 23] issued by United States Magistrate Judge Suzanne Mitchell recommending dismissal of Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 for lack of jurisdiction.[2] In that order, the Court found that Petitioner was not "in custody" within the meaning of § 2241 because he was deported prior to the filing of the petition.

Petitioner now asks the Court to reconsider its prior order under Rule 59(e). "Rule 59(e) relief is available in limited circumstances, including '(1) an intervening change in the controlling law, (2) when new evidence previously was unavailable, and (3) the need

---

[1] Because Petitioner is proceeding pro se, the Court construes his motion liberally but does not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Petitioner also filed a separate § 2241 petition in *Moreno v. United States of America*, No. CIV-25-14-R (W.D. Okla.). That action was dismissed for lack of jurisdiction and Petitioner also moved for reconsideration of that order.

to correct clear error or prevent manifest injustice.'" *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (brackets omitted) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law" but "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012.

Petitioner makes a number of arguments in his motion but points to no intervening change in the law, new evidence previously unavailable, or clear error that would warrant reconsideration of the Court's prior order. He first argues that the Court failed to conduct de novo review and did not adequately address his objections. On the contrary, the order indicated that the Court would undertake a de novo review of those portions of the Report to which a specific objection was made. The Court is well aware of its duty to make a de novo determination and did so in this matter. The fact that the Court ultimately agreed with the Report's analysis and conclusions, and did not find Petitioner's objections persuasive, does not suggest that the Court did not conduct an independent review.

Petitioner next argues that the Court misapplied the law regarding when a habeas petitioner is "in custody" and failed to address his alleged due process violations that occurred while his was detained for his removal proceedings. Petitioner asserted similar arguments in his objection and his attempt to rehash or bolster these arguments in his motion for reconsideration is not appropriate. *See Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 189 F.R.D. 467, 468 (D. Kan. 1999), aff'd, 245 F.3d 1203 (10th Cir. 2001) ("A

motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed.").

Petitioner also contends that the Court improperly considered the Respondent's response to his objection. Petitioner argues that the Respondent's filing was unauthorized because Judge Mitchell had previously entered an order indicating that a response from the Respondent was not necessary [Doc. No. 20]. Judge Mitchell's order addressed the need for Respondent to file a response or answer to the habeas Petition, not its ability to file a response to Petitioner's Objection. In any event, the issue is irrelevant because, as noted in the order adopting the Report and Recommendation, the Court would reach the same conclusions even without consideration of the Respondent's filing.

Last, Petitioner asserts that he was subject to First Amendment Retaliation and requests coram nobis relief as an alternative remedy. Neither of these "claims" are appropriately raised in a request for relief under § 2241. *See Rawlins v. Kansas,* 714 F.3d 1189, 1195 (10th Cir. 2013) ("Federal Rule of Civil Procedure 60(e) eliminated coram nobis in federal civil actions.").

Petitioner has not demonstrated that reconsideration of the prior order is warranted and his Motion is therefore DENIED. A Certificate of Appealability is DENIED.

IT IS SO ORDERED this 22nd day of May, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE